In the Matter of Frank & Karen SWARTZ, Debtors.

Gerald E. DEVINE, and Margaret J. Devine, Plaintiffs,

v.

Frank & Karen SWARTZ, d/b/a Omaha Truck Plaza, Defendant.

Bankruptcy No. BK84–1381.
Adv. No. A85–32.

United States Bankruptcy Court, D. Nebraska.

March 5, 1986.

As Corrected March 13, 1986.

Donald A. Roberts, of Lustgarten & Roberts, P.C., Omaha, Neb., for plaintiffs.

Marion Pruss, of Thompson, Crounse, Pieper & Quinn, Omaha, Neb., for defendants Frank and Karen Swartz.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

This adversary proceeding was brought by plaintiffs alleging the existence of a security interest in certain property held by the debtors-in-possession and requesting a turnover of that property.

The matter was heard on March 5, 1986. Donald Roberts of Lustgarten & Roberts, P.C., Omaha, Nebraska, appeared on behalf of the plaintiffs and Marion Pruss of Thompson, Crounse, Pieper & Quinn, Omaha, Nebraska, appeared on behalf of the defendants Frank Swartz and Karen Swartz.

On December 15, 1982, the plaintiffs, by written agreement, sold their interest in the business, the personal property and a lease, all of which was called the Omaha Truck Plaza, to defendants, Frank and Karen Swartz. The sale was on an installment basis and the sellers took a security interest in the inventory, accounts, general intangibles, equipment and other property used in the operation of the business. The sellers perfected that security interest by the appropriate county and state filings.

In November of 1983 the defendants moved their residence to the State of New Mexico and moved all of the books and records of the business to New Mexico, and thereafter paid all bills concerning the Omaha Truck Plaza from the New Mexico location.

The Omaha Truck Plaza continued in operation until approximately December of 1984.

The defendants kept current in their payment to the plaintiffs pursuant to their written agreement until defendants filed Chapter 11 bankruptcy in July of 1984. Thereafter, no payments were made to the plaintiffs pursuant to the terms of the agreement.

The property upon which the Omaha Truck Plaza operated its business was located at 108th & L Street in Omaha, Nebraska. The plaintiffs originally leased the property from an entity known as HWH

and assigned their interest in the lease to defendants. Neither the plaintiffs nor the defendants recorded the lease nor did they specifically refer to the lease in any security document, including the security agreement or the financing statements.

Defendants had failed to pay all of the lease payments when due and following their bankruptcy filing, as debtors-in-possession, rather than assuming the lease and curing the default, negotiated a settlement with the landlord. The settlement included a payment from the landlord of approximately $100,000 to the debtors-in-possession in consideration of the termination of the rights of the debtors-in-possession to any interest in the lease.

Plaintiffs allege that the settlement and the payment of $100,000 should accrue to their benefit as secured creditors and not to the benefit of the debtors-in-possession and/or other creditors of the defendants. Plaintiffs' theory is that the right to terminate the lease is an equitable right and therefore is a general intangible under the Nebraska Uniform Commercial Code § 9–106. Therefore, since the plaintiffs had a perfected security interest in general intangibles, they are entitled to the termination payment.

The debtors-in-possession argues that the payment from the landlord is not a general intangible, that plaintiffs failed to perfect their interest in the lease pursuant to Nebraska Statutes concerning perfection of real property interests, that even if the plaintiffs were properly perfected at one time, they failed to remain perfected by failing to file the appropriate financing statements in the State of New Mexico.

### Decision

The plaintiffs do not have a right to the funds held by the debtors-in-possession which result from the termination of the lease.

### Discussion

Nebraska U.C.C. § 9–104(j) states that Article 9 does not apply:

"to the creation or transfer of an interest in or a lien on real estate, including a lease or rents thereunder."

The Nebraska Statutes regarding a perfected interest in a lease require that the lease be in writing and recorded. Nebraska Revised Statute § 76–211. The appropriate place to record such a lease or an interest in real estate is the Register of Deeds in the county in which the real estate is located. Nebraska Revised Statute § 76–238. Any interest in an unrecorded lease is void as to all creditors and subsequent purchasers without notice.

The lease was not recorded. The debtors-in-possession following the filing of a bankruptcy petition have most, if not all, of the powers of a trustee. See 11 U.S.C. § 1107. A trustee, pursuant to 11 U.S.C. § 544 is in the position of a hypothetical lien creditor, and, is therefore a third party against whom an unrecorded interest in real property is not valid.

The plaintiffs, as sellers of the business, retained, by agreement, certain rights. One of those rights was to retake possession of all of the assets and the premises subject to the lease, if the defendants defaulted on any term of the agreement. In other words, if the defendants had failed to make a monthly payment to the plaintiffs, according to the agreement the plaintiffs could have taken action to repossess the personal property and the realty. However, the agreement did not require or permit the plaintiffs to retake possession of the property if the defendants failed to make the lease payments. The lease obligation was assigned from the plaintiffs to the defendants and the duty to make the lease payments ran from the defendants to the landlord.

If the defendants failed to make the lease payments, but continued to be current in their payments under the agreement with the plaintiffs, the plaintiffs could not have claimed the failure to make the lease payments was a default giving them the right to retake possession. In addition, if the landlord declared the lease in default and looked only to the defend-

ants, the plaintiffs had no right to cure the lease default and further had no right to retake possession of the premises.

Plaintiffs claim that the right to terminate the lease either prepetition or postpetition is a general intangible and is not an interest in real property. This Court does not agree. Prepetition, if the defendants failed to make the lease payment and the landlord, after giving the appropriate notice and right to cure contained in the lease agreement, terminated the lease for cause, the plaintiffs would have had no right to cure or negotiate a different agreement with the landlord. The only reason that the defendants had any power to negotiate a payment from the landlord after being in default under the terms of the lease is that Bankruptcy Code § 365 grants the trustee or debtors-in-possession the right to assume an unexpired lease by curing a default. In this case, the debtors-in-possession continued in possession of the premises after the bankruptcy was filed, even though the debtors were in default. For some reason, the landlord was willing, in order to get immediate possession of the premises, to pay the debtors-in-possession to give up any right to assume the lease and cure the default.

This benefit, the right to assume a lease and cure a default or to negotiate for a payment in consideration of giving up possession of the leasehold, is a benefit conferred by the Bankruptcy Code and not by the contractual arrangements between the plaintiffs and the defendants nor is this benefit a "general intangible" as defined under the Uniform Commercial Code.

Therefore, the funds received by the debtors-in-possession from negotiating a termination of the lease are not subject to any security interest claimed by the plaintiffs.

To make the record clear, in case there is any question about the validity of the claim concerning "general intangibles", further explanation for this decision follows.

Assuming for the moment that the right to terminate the lease is a general intangible and does preexist the filing of the bank-

ruptcy, the plaintiffs still cannot prevail. Their perfected interest in the general intangibles lapsed four months after the defendants moved the business or its executive headquarters from the State of Nebraska to the State of New Mexico. Nebraska U.C.C. § 9–103(3)(d) provides:

"A debtor shall be deemed located at his place of business if he has one, at his chief executive office if he has more than one place of business, otherwise at his residence."

Nebraska U.C.C. § 9–103(3)(e) states

"A security interest perfected under the law of the jurisdiction of the location of the debtor is perfected until the expiration of four years after a change of the debtors' location to another jurisdiction.... Unless perfected in the new jurisdiction before the end of the period, it becomes unperfected thereafter and is deemed to have been unperfected as against a person who became a purchaser after the change."

Initially the defendants did business in Omaha, Nebraska, and the security interest was perfected in Nebraska. However, the debtors moved to New Mexico and took with them the business records and the key employees of the business. The Omaha Truck Plaza continued to operate in Omaha, Nebraska. However, the debtors operated a number of businesses, some in Nebraska and some in New Mexico. The chief executive office of the debtors became located in the State of New Mexico. The debtors made purchases and paid bills from New Mexico even for the Omaha business.

The Plaintiffs were aware that the debtors had moved to New Mexico and agreed to an amendment to the purchase agreement providing that all notices required under the agreement should be sent to the debtors at a New Mexico address.

No attempt was made to perfect the interest of the plaintiffs in the State of New Mexico. Therefore, pursuant to Nebraska U.C.C. § 9–103 any security interest which had been perfected by the plaintiffs in the

State of Nebraska lapsed four months after the change of the debtors' location to New Mexico.

This memorandum opinion constitutes the findings of fact and conclusions of law as required by the Bankruptcy Code and Rules.

Separate journal entry shall follow.